**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SPIN MASTER LTD. and SPIN MASTER TOYS UK LIMITED,**<br><br>                              **Plaintiffs,**<br><br>           **-against-**<br><br>**AMY BABY STORE, et al.,**<br><br>                              **Defendants.** | **21-cv-2371 (ALC)**<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Spin Master Ltd. And Spin Master Toys UK Limited ("Plaintiffs") bring this action against Defaulting Defendants[1] for trademark infringement of Plaintiffs' federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and related state and common law claims, arising from the infringement of Plaintiffs' Rubik's Cube Marks.  (*See generally* Compl., ECF No. 4.)

---

[1] AMY BABY Store, CubePuzzle Store, Cubes-toys Store, Dias cubes store, Dongguan Best Crafts Co., Ltd., Dongyang Tianteng Craft Company Limited, Fashionistar Store, Fun Toy Store, GSModel Store, Guangdong Yongjun Technology Industrial Co., Ltd., Hangzhou Hellocube Technology Co., Ltd., Hangzhou Zhiku Toys Co., Ltd., HelloCube Store, Huzhou Flashstar Imp & Exp Co., Ltd., Jiahai (Dongguan) Technology Co., Ltd., Kaley Toy Store, LiangCuber Store, LiDaiTang Store, Little Radish Store, Magic-Cube Store, Nanjing Shenghetai International Trade Co., Ltd., Ningbo RTSmall Commodity Co., Ltd., Shantou Chenghai Tiantianle Toys Industry Co., Ltd., Shantou Fanxin Science And Education Industry Co., Ltd., Shantou Hongna Candy Toys Co., Ltd., Shantou Huateng Toys Co., Ltd., Shantou Shunsheng Toy Industry Ltd., Ltd., Shenzhen Hesin Technology Co.,Ltd., Shenzhen Iglory Technology Co., Ltd., Shenzhen Xingyueda Technology Co., Ltd., Shop5249073 Store, Shop5763006 Store, small stone of sea side Store, Thousandth Store, Wenzhou Haoyu Commerce Co., Ltd., Yiwu Forever Print Trading Co., Ltd., Yiwu Jianyu Imp & Exp Co., Ltd., Yiwu Jingxi Trading Firm, Yiwu Puwei Toy Factory, Yiwu Yau Imp. & Exp. Co., Ltd., YSGO Official Store, ZCUBE Official Store and Zhongshan Yixuan Craft & Gift Co., Ltd.

Plaintiffs moved *ex parte* against Defendants for an order to seal file, a temporary restraining order, an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions, an order to show cause why a preliminary injunction should not issue, an order authorizing bifurcated and alternative service and an order authorizing expedited discovery. (ECF Nos. 9, 11–13).  On August 19, 2021, the Court granted Plaintiffs' application and entered the Temporary Restraining Order, which authorized alternate service on Defendants.  Defendants were served on September 16, 2021, making their answers to the Complaint due on October 7, 2021.  (ECF No. 14.)  To date, Defaulting Defendants have not responded to the Complaint. Plaintiffs filed Proposed Certificates of Default on March 15, 2022 (ECF No. 23), and the Clerk of Court issued Certificates of Default the same day.  (ECF No. 25.)  The Court issued an Order to Show Cause to Defaulting Defendants, directing them to show cause why a default should not enter by March 23, 2022.  To date, Defaulting Defendants have not responded to the Court's Order to Show Cause.  The Ordered warned Defaulting Defendants that failure to respond may result in the entry of default judgment against them.[2]

The Court entered a default judgment against Defaulting Defendants as to liability on March 3, 2023.  (ECF No. 36.)  The Court also issued an Order to Show Cause, directing the Defaulting Defendants to show cause why an order should not issue awarding Plaintiffs their requested damages.  (ECF No. 38.)  To date, Defaulting Defendants have not responded to the order to show cause.

Accordingly, the Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiffs' Motion for Default Judgment and

---

[2] After moving for default judgment, Plaintiffs voluntarily dismissed their claims as to Defendants D-FantiX Store (ECF No. 35) and Shantou Sunyok Toys Technology Co. (ECF No. 33).

2

a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the

Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer

has been filed in the instant action, and upon all other pleadings and papers on file in this

action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

<h3 style="text-align:center">I.    <u>Defaulting Defendants' Liability</u></h3>

1) Judgment is granted in favor of Plaintiffs on all claims properly plead against Defaulting

Defendants in the Complaint;

<h3 style="text-align:center">II.    <u>Damages Awards</u></h3>

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve

both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful

infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory

damages award requested in their Memorandum of Law in Support of their Motion for Default

Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded Fifty

Thousand Dollars ($50,000.000) in statutory damages ("Defaulting Defendants' Individual

Damages Award") against each and every Defaulting Defendant pursuant to 15 U.S.C.

§ 1117(c) of the Lanham Act, plus post-judgment interest.

<h3 style="text-align:center">III.    <u>Permanent Injunction</u></h3>

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting

Defendants, their respective officers, agents, servants, employees, successors and

assigns and all persons acting in concert with or under the direction of Defaulting

Defendants (regardless of whether located in the United States or abroad), who receive

actual notice of this Order are permanently enjoined and restrained from:

    A. manufacturing, importing, exporting, advertising, marketing, promoting,

        distributing, displaying, offering for sale, selling and/or otherwise dealing in

3

Counterfeit Products or any other products bearing the Rubik's Cube Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rubik's Cube Marks;

B. directly or indirectly infringing in any manner Plaintiffs' Rubik's Cube Marks;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Rubik's Cube Marks to identify any goods or services not authorized by Plaintiffs;

D. using Plaintiffs' Rubik's Cube Marks and/or any other marks that are confusingly similar to the Rubik's Cube Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiffs;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise

4

disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

H. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(2)(G) above.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiffs' Rubik's Cube Marks or bear any marks that are confusingly similar to the Rubik's Cube Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(B) above.

## IV.    Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.    Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that

Plaintiffs submitted in connection with this action to counsel for Plaintiffs, Epstein

Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe

and enforce this Order.

**SO ORDERED.**

**Dated:**          **March 31, 2023**
                    **New York, New York**

_____

          **ANDREW L. CARTER, JR.**
          **United States District Judge**

7